CARY RICHARD BOND, ESQ. (SBN 115467)
Law Offices of Cary Richard Bond, APC
555 West Beech Street, Suite 430
San Diego, California 92101
Telephone: (619) 230-8700
Facsimile: (619) 233-2544

Attorneys for Plaintiff
INTEGRITY MEDICAL PRODUCT SOLLUTIONS, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC, a Wyoming Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SEROCLINIX CORPORATION, a foreign corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: '22CV0785 BAS BLM<br><br>COMPLAINT FOR:<br><br>1. BREACH OF CONTRACT<br>2. COMMON COUNTS<br><br>**DEMAND FOR JURY TRIAL** |

**COMES NOW** Plaintiff INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC ("INTEGRITY"), and alleges herein as follows:

## JURISDICTION

1. Jurisdiction is proper in this Court under 32 U.S.C. Section 1332(a) because the Plaintiff is a citizen of the State of Wyoming and all defendants are

1

CASE NO.
COMPLAINT FOR DAMAGES

citizens of either Canada or the State of New York and the amount in controversy exceeds $75,000.00.

## VENUE

2. Venue in this action properly lies in the Southern District of California under U.S.C.A. Section 1391 in that a substantial part of the events or omissions giving rise to the claim occurred here, the contractual breach occurred here, INTEGRITY is registered to do business here, INTEGRITY has its principal place of business here, defendant SEROCLINIX CORPORATION ("SEROCLINIX") conducts business here, and the terms of the subject written Agreement provide that it is "governed by, and construed in accordance with, the laws of the State of California without regard to the conflict of law's provisions." (Exhibit 1, ¶ 17.)

## PARTIES TO THE ACTION

3. At all times mentioned herein, Plaintiff INTEGRITY was, and now is a limited liability company duly organized and existing under the laws of the State of Wyoming, with its principal place of business in the County of San Diego, State of California, and at all times has been, and now is authorized to do business in the County of San Diego, State of California.

4. INTEGRITY is informed and believes and thereupon alleges that at all times mentioned herein Defendant SEROCLINIX was a Canadian corporation with its principal place of domestic business in the United States in Amherst, New York.

5. INTEGRITY is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. On information and belief, INTEGRITY alleges that DOES 1 through 10 are citizens of states that will not affect diversity jurisdiction.

## FIRST CAUSE OF ACTION
**(Breach of Contract against All Defendants)**

6. In or about June 2020, INTEGRITY and SEROCLINIX, and DOES 1 through 10, inclusive, entered into a written contract, effective June 1, 2020, wherein, in part, Defendants, and each of them, agreed to provide clinical laboratory viral testing kits to Plaintiff pursuant to the terms and conditions of a written Agreement, a true and correct copy of which is attached hereto as Exhibit 1, and incorporated herein in its entirety.

7. Pursuant to the Parties' written Agreement set forth at paragraphs (3) and (4) of Exhibit 1, are the following relevant provisions:

> (3) **Term of Agreement.** The term of this Agreement shall commence on the Effective Date [June 1st, 2020] and remain in effect for two (2) years (the "Term").
>
> **Payment/Fees**. Integrity shall pay $2.10 per collection test kit landed by air, $1.85 per collection test kit landed by boat. $7.50 per Sienna antibody test kit. Prices subject to change. Any changes will be communicated to the customer with 10 days of notification. Minimum order requirements per order may apply.

(4) **Payment**. End-Customers of Integrity will pay Seroclinix directly as per the agreed upon price by Integrity and End-Customer. Seroclinix will pay Integrity the difference of End-Customer invoice and agreement price to Integrity.

8. Plaintiff performed and completed all obligations to be performed by it pursuant to the terms and conditions of the written Agreement. Plaintiff has demanded that Defendants report sales and figures to INTEGRITY and pay all monies due and owing to Plaintiff from Defendants. However, Defendants, and each of them, have failed and refused to disclose sales information and to make all payments due and owing to Plaintiff in breach of the written Agreement between the Parties, or to otherwise account to Plaintiff the amount of all monies owed.

9. In or about the February 2021, Defendants, and each of them defaulted on their reporting and payments owing to Plaintiff under the terms of the written Agreement. Plaintiff is unable to ascertain the exact amount of the monies due and owing to it from Defendants but is informed and believes that said sum exceeds far in excess $75,000.00 which Plaintiff is informed and believes will be proven at the time of trial.

10. Pursuant to paragraph (12) of the Parties' written Agreement,

. . . b. Upon any event of default, the party not in default may, but will not be required to: (i) terminate their obligations under this Agreement; (ii) immediately collect from defaulting party all amounts due hereunder; (iii) collect from the defaulting party any and all costs and expenses reasonably incurred by non-defaulting party in exercising its rights under this section, including but not limited to reasonable attorney's fees and legal expenses; and (iv) avail itself of any other remedy or remedies

4

CASE NO.
COMPLAINT FOR DAMAGES

provided under law or in equity.

## SECOND CAUSE OF ACTION
### (Common Counts against All Defendants)

11. Plaintiff INTEGRITY refers to and incorporates herein in their entirety, paragraphs 1 through 10 of this Complaint.

12. Within the past two years at San Diego, California, Defendants, and each of them, became indebted to Plaintiff on an open book account for money due in a sum far in excess of $75,000.00, as proven at the time of trial.

13. Defendants, and each of them, have failed to pay in whole or in part thereof any of the amounts now due, owing and unpaid, with interest thereon, according to proof.

**WHEREFORE**, Plaintiff INTEGRITY prays for judgment against Defendants, and each of them, jointly and severally, as follows:

1. For a sum in excess of $75,000.00 as will be proven at the time of trial, plus interest at the least rate of 10% per annum from the date each payment was due, to the date of entry of judgment;

2. For reasonable attorney's fees;

3. For costs of suit incurred herein; and

///

///

///

4. For such other and further relief as this Court deems just and proper.

Dated: May 31, 2022

LAW OFFICES OF CARY RICHARD BOND, APC

s/Cary Richard Bond
CARY RICHARD BOND, ESQ.
Attorney for Plaintiff
INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC
Email: cbond@crbondlaw.com

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

LAW OFFICES OF CARY RICHARD BOND, APC

s/Cary Richard Bond
CARY RICHARD BOND, ESQ.
Attorney for Plaintiff
INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC
Email: cbond@crbondlaw.com

# TABLE OF CONTENTS

**EXHIBIT 1**   SEROCLINIX CORPORATION SERVICES AND SUPPLY AGREEMENT

EXHIBIT 1
Page 001

## Seroclinix Corporation

### SERVICES AND SUPPLY PURCHASE AGREEMENT

This Services and Supply Purchase Agreement (this "Agreement") is made and entered into by and between Seroclinix Corporation ("Seroclinix") and Integrity Medical Product Solutions LLC ("Integrity") as of June 1st, 2020 ("Effective Date"). Seroclinix provides clinical laboratory viral testing kits. Integrity desires to purchase laboratory testing kits from Seroclinix in accordance with this Agreement. The parties hereby agree as follows:

1. **Conflicting Terms**. No provision of any purchase order or any other document exchanged by the parties shall alter or add to any of the terms of this Agreement unless both parties expressly consent to such additional or replacement terms or conditions in writing. All orders must be received sufficiently in advance of the desired delivery date. All orders remain subject to acceptance in writing by Integrity or as evidenced by Integrity's fulfillment of the order.

2. **Sale and Purchase**. Seroclinix agrees to sell and Integrity agrees to purchase the Laboratory collection kits pursuant to the terms and conditions of this Agreement.

3. **Term of Agreement**. The term of this Agreement shall commence on the Effective Date and remain in effect for two (2) years (the "Term").

    **Payment/Fees**. Integrity shall pay $2.10 per collection test kit landed by air, $1.85 per collection test kit landed by boat. $7.50 per Sienna antibody test kit. Prices subject to change. Any changes will be communicated to the customer with 10 days of notification. Minimum order requirements per order may apply.

4. **Payment**. End-Customers of Integrity will pay Seroclinix directly as per the agreed upon price by Integrity and End-Customer. Seroclinix will pay Integrity the difference of End-Customer invoice and agreement price to Integrity

5. **Delivery**. Schedule is TBD based on End-Customer need. Orders will be shipped within seven (7) to ten (10) business days of being placed with Seroclinix

6. **Forecasts**. Within 30 days after the Effective Date, Integrity shall issue to Seroclinix its written forecast of Integrity's anticipated monthly requirements for the Laboratory collection kits during the following 12 months.

EXHIBIT 1
Page 002

7. **Warranties and Disclaimer**. Seroclinix hereby warrants and represents to Integrity that the Laboratory testing kits shall be provided to Integrity in a good and workmanlike manner and that all Laboratory collection kits shall be in compliance with any and all Federal, state and local laws governing such services. except for the express warranties set forth in this agreement, integrity disclaims all warranties of any kind, whether express, implied, statutory or otherwise, including without limitation any warranties of absence of errors, accuracy, or completeness of results.

12. **Default**.
    a. An event of default will have occurred if : (i) End-Customer fails to pay any amount due Integrity hereunder within 30 days of its due date; (ii) Any party fails to perform any other obligation under this Agreement or breaches any representation or warranty made under this Agreement without cure within 15 days after written notice from the other party; or (iii) any party ceases doing business as a going concern, becomes insolvent or dissolved, assigns assets for the benefit of creditors or enters into any bankruptcy or reorganization proceeding.

    b. Upon any event of default, the party not in default may, but will not be required to: (i) terminate their obligations under this Agreement; (ii) immediately collect from defaulting party all amounts due hereunder; (iii) collect from the defaulting party any and all costs and expenses reasonably incurred by non-defaulting party in exercising its rights under this section, including but not limited to reasonable attorney's fees and legal expenses; and (iv) avail itself of any other remedy or remedies provided under law or in equity.

13. **Indemnification**. Each Party shall indemnify, defend and hold harmless the other Party and its officers, directors, employees, agents, successors and assigns against all Losses arising out of or resulting from any third party claim, suit, action or proceeding related to or arising out of or resulting from the Party's breach of any representation, warranty, covenant or obligation under this Agreement (each an "Action"). As used herein, "Losses" means all losses, damages, liabilities, deficiencies, claims, actions, judgments, settlements, interest, awards, penalties, fines, costs or expenses of whatever kind, including reasonable attorneys' fees and the cost of enforcing any right to indemnification hereunder and the cost of pursuing any insurance providers.

14. **Early Termination**. This Agreement may be terminated at any time by either party by providing the other party with at least Ninety (90) days written notice of such party's intention to terminate this Agreement.

15. **Notices**. All notices, requests and other communications under this Agreement shall be in writing and shall be deemed to have been duly given if delivered personally, or sent by either certified or registered mail, return receipt requested, potage prepaid, or by overnight courier guaranteeing next day delivery, or by facsimile transmission, or electronic mail addressed as stated on the signature page of this Agreement.

16. **Exclusion of Consequential and Other Indirect Damages**. to the fullest extent permitted by law, neither party shall be liable to the other party or any other person for any injury to or loss of goodwill, reputation, business, production, revenues, profits, anticipated profits, contracts or opportunities (regardless of how these are classified as damages), or for any consequential, incidental, indirect, exemplary, special, punitive or enhanced damages whether arising out of breach of contract, tort (including negligence), strict liability, product liability or otherwise (including the entry into, performance or breach of this agreement), regardless of whether such loss or damage was foreseeable or the party against whom such liability is claimed has been advised of the possibility of such loss or damage, and notwithstanding the failure of any agreed or other remedy of its essential purpose, provided, however, these limitations shall not apply to either party's liability, if any, for contribution or indemnity with respect to liability to third parties for personal injury, death, or damage to tangible property as a result of the party's willful misconduct or gross negligence.

17. **Governing Law**. This Agreement and all matters arising out of or relating to this Agreement, are governed by, and construed in accordance with, the laws of the State of California without regard to the conflict of law's provisions.

18. **Severability**. If any term or provision of this Agreement is invalid, illegal or unenforceable in any jurisdiction, such invalidity, illegality or unenforceability shall not affect any other term or provision of this Agreement or invalidate or render unenforceable such term or provision in any other jurisdiction.

19. **Counterparts**. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same agreement.

20. **Force Majeure.** Seroclinix is not liable for any failure to perform due to causes beyond its reasonable control including, but not limited to, acts of God, acts of civil authorities, acts of military authorities, riots, embargoes, acts of nature and natural disasters, and other acts which may be due to unforeseen circumstances

*[Signature page follows]*

EXHIBIT 1
Page 004

The parties have duly agreed to all terms and conditions of this Agreement and do hereby evidence such agreement by their signatures below.

| Seroclinix Corporation<br>170 Northpointe Parkway - STE 500A<br>Amherst, NY 14228<br>P: 1-877-453-0537<br>F: 1-905-212-4699<br><br>Signature _____<br><br>Printed:  **Howard Lee**<br><br>Authorized Signatory's Title:  **CEO**<br><br>Date:  June 19, 2020 | Integrity Medical Products Solutions LLC<br>10581 Roselle Street - STE 120<br>San Diego, CA 92121<br>p: (858) 258-9493<br>f: (855) 234-7547<br><br>Signature _John Bellano_<br><br>Printed:  **John Bellano**<br><br>Authorized Signatory's Title:  **CEO**<br><br>Date: June 21, 2020 |

4

EXHIBIT 1
Page 005