1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SEROCLINIX CORPORATION, *et al.*, <br><br> Defendants. | Case No. 22-cv-00785-BAS-BLM <br><br> **ORDER  GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND (ECF No. 28)** |

Now before the Court is Defendants Seroclinix Canada and Seroclinix Delaware's Motion to Dismiss (ECF No. 28) Plaintiff Integrity Medical Product Solutions, LLC's Second Amended Complaint ("SAC").  (ECF No. 26.)  Defendants move under Federal Rule of Civil Procedure ("Rule") 12(b)(6) to dismiss Plaintiff's SAC because it does not state a claim upon which relief can be granted.  Plaintiff filed an Opposition to the Motion (ECF No. 29), to which Defendants filed a Reply (ECF No. 30).

For the following reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss for failure to state a claim.

22cv0785

# I.    Background

Plaintiff alleges that Defendants, under separate corporation statuses, entered into a contract with Plaintiff without intending to perform.  At this point, the case turns on two issues.  First, whether Seroclinix Canada and Seroclinix Delaware may be recognized as a single entity, making them liable to Plaintiff for failing to disclose test kit sales and remit funds under their modified contract with Plaintiff.  Second, whether Plaintiff states a fraud claim based on Defendants agreeing to modify their contract with Plaintiff without intending to perform.

## A.    Plaintiff's Factual Allegations

Plaintiff filed its SAC against Defendants Seroclinix Canada, a Canadian corporation with its principal place of business in New York, and Seroclinix Delaware, a Delaware corporation with its principal place of business in Delaware.  (SAC ¶¶ 4–5.)[1]

Plaintiff alleges that Howard Lee controls Defendants Seroclinix Canada and Seroclinix Delaware, despite them being established as separate corporate entities.  (*Id.* ¶ 8.)  Lee's control extends to both entities' financial matters, policies, and operational practices, essentially merging them into one entity.  (*Id.*)  Additionally, Plaintiff avers that both corporations share several key characteristics: (i) common ownership, directors, and officers; (ii) involvement in identical business practices; (iii) use of the same website and email addresses; and (iv) the same counsel represents both entities in the current litigation.  (*Id.*)

Plaintiff asserts that Seroclinix Canada and Plaintiff entered into a contract wherein Seroclinix Canada agreed to supply Plaintiff with clinical laboratory collection and Sienna antibody test kits.  (*Id.* ¶ 10.)  Under the contract, Plaintiff's end-customers were to pay

---

[1]    Plaintiff's SAC invokes diversity jurisdiction.  Plaintiff, however, inadequately alleged its citizenship as a limited liability company, which led to the Court issuing an Order to Show Cause.  (ECF No. 31.)  Plaintiff responded with a declaration stating that its sole member is a citizen of California, which resolves the Court's inquiry.  (ECF No. 32.)  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (holding "an LLC is a citizen of every state of which its owners/members are citizens").

22cv0785

Seroclinix Canada directly at the agreed-upon price set by Plaintiff and the end-customers. (*Id.* ¶ 11.)  Afterward, Seroclinix Canada was to pay Plaintiff the difference between the end-customer's invoice and the agreed-upon price between Plaintiff and Defendant.  (*Id.*)  Essentially, Seroclinix Canada serves as an intermediary, receiving customer payments and remitting the correct amount to Plaintiff.  (*See id.*)

Shortly after the parties entered into the written agreement, there was a substantial surge in the demand for collection test kits from Plaintiff's end-customer, Honu Management ("Honu").  (*Id.* ¶ 12.)  This surge necessitated modifying the original agreement.  (*Id.*)  According to the agreed-upon modified contract, Honu would place orders for the test kits with Seroclinix Canada, who would then provide Plaintiff with information regarding the number of test kits Honu ordered.  (*Id.*)  Afterward, Seroclinix Canada was obligated to pay Plaintiff $0.90 per test kit that Honu ordered, which Honu bought for more than $0.90.  (*Id.*)  Seroclinix Canada was obligated to remit the appropriate funds to Plaintiff within a reasonable time after Honu placed its order.  (*Id.*)

Plaintiff alleges that Defendants Seroclinix Canada and Seroclinix Delaware entered into a separate written agreement with Akkad Holdings Global, LLC ("Akkad") without disclosing the arrangement to Plaintiff.  (*Id.* ¶ 13.)  Under this agreement, Akkad would invoice Honu directly, Honu would then pay Akkad, and Akkad would subsequently remit funds to Seroclinix Delaware.  (*Id.*)  During a three-month period, Akkad issued several invoices for test kits to Honu.  (*Id.* ¶¶ 14–17.)

Plaintiff contends that Defendants repeatedly failed to disclose the number of test kits purchased by Honu and failed to remit the proper funds.  (*Id.* ¶ 18.)  Specifically, Plaintiff asserts that Defendants failed to inform it that Honu purchased over 1,827,500 collection test kits and 841,800 Sienna antibody test kits.  (*Id.* ¶ 19.)  Defendants failed to remit the appropriate funds corresponding to the number of test kits Honu ordered.  (*Id.* ¶¶ 19–21.)

22cv0785

**B.      Procedural History**

In May 2022, Plaintiff filed its original Complaint against Defendant Seroclinix Canada, alleging that Seroclinix Canada breached its contract with Plaintiff by failing to disclose the number of test kits sold and failing to remit the corresponding funds.  (ECF No. 1.)  In September 2023, Plaintiff requested leave to file its First Amended Complaint ("FAC").  (ECF No. 17.)  Within a week, the Court granted Plaintiff's motion for leave to amend to file a FAC.  (ECF No. 18.)  In the same month, Plaintiff filed its FAC alleging an additional cause of action, fraud in the inducement, with additional supporting facts and adding Seroclinix Delaware and Howard Lee to the lawsuit.  (ECF No. 19.)  In October 2023, Defendants Seroclinix Canada and Seroclinix Delaware moved to dismiss the FAC for its failure to state a claim.  (ECF No. 23.)

Plaintiff subsequently filed its SAC (ECF No. 26), and Defendants moved again to dismiss the SAC under Rule 12(b)(6).  (ECF No. 28.)  Plaintiff responded in opposition (ECF No. 29), and Defendants responded with their Reply (ECF No. 30).  The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d)(1).

## II.   Legal Standard

Under Rule 12(b)(6), a defendant may move to dismiss an action if the complaint lacks sufficient factual allegations to "state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007) (internal quotation marks and citations omitted).   Factual allegations are insufficient when they are merely "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Id*. at 555. In evaluating the sufficiency of the complaint, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party."  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

However, the court is not required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations."  *Fayer v. Vaughn*, 649 F.3d 1061,

1064 (9th Cir. 2011) (internal quotations omitted).  Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss."  *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004) (internal quotation marks and citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 663–64 (2009).

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend.  Under Rule 15(a), leave to amend "shall be freely given when justice so requires."  However, the court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III.   Analysis

Defendants move to dismiss Plaintiff's SAC under Rule 12(b)(6) for the following reasons: (1) Plaintiff cannot sue Seroclinix Delaware under a breach of contract claim because Seroclinix Delaware is not a party to the contract, (2) Plaintiff has not sufficiently alleged that Seroclinix Canada and Seroclinix Delaware are alter egos of each other, (3) Plaintiff cannot bring suit against Seroclinix Delaware under a common count cause of action because its breach of contract claim fails, and (4) Plaintiff has not met the heightened pleading standard for its fraud claim.  (ECF No. 28.)  The Court considers each argument below.

### A.   Breach of Contract Under Alter Ego Theory

Seroclinix Delaware moves to dismiss Plaintiff's breach of contract claim against it for failing to state a claim under Rule 12(b)(6).  (Mot. 2–8.)  Seroclinix Delaware argues that it cannot be liable for breach of contract because it is a non-party to the contract.  (*Id.* 4.)  Only Seroclinix Canada and Plaintiff entered into the Services and Supply Purchase Agreement ("Agreement").  (SAC ¶ 10.)  Plaintiff contends that both Seroclinix Canada and Seroclinix Delaware breached the Agreement by failing to satisfy their sales disclosure and repayment obligations to Plaintiff.  (*Id.* ¶ 21.)

California law governs disputes arising from and relating to the Agreement between Seroclinix Canada and Plaintiff. (SAC Ex. 1, at 4.) Generally, under California law, only a party to a contract can breach it. *Henry v. Associated Indem. Corp.*, 217 Cal. App. 3d 1405, 1416–17 (1990) (citing *Gruenberg v. Aetna Ins. Co.*, 9 Cal. 3d 566, 576 (1973)); *cf. EEOC v. Waffle House*, Inc., 534 U.S. 279, 294 (2002). The elements required for a cause of action for breach of contract are "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011).

### 1. Alter Ego Theory

"Ordinarily, a corporation is regarded as a legal entity separate and distinct from its stockholders, officers and directors." *Communist Party v. 522 Valencia, Inc.*, 35 Cal. App. 4th 980, 993 (1995). An exception, the doctrine of alter ego liability, applies when one corporation utilizes another to "perpetrate fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose." *Gopal v. Kaiser Found. Health Plan, Inc.*, 248 Cal. App. 4th 425, 431 (2016). In these cases, a court may "disregard the corporate form in order to hold one corporation liable for the debts of another affiliated corporation when the latter 'is so organized and controlled, and its affairs are so conducted, as to make it merely an instrumentality, agency, conduit, or adjunct of another corporation.'" *Toho–Towa Co., Ltd. v. Morgan Creek Prods., Inc.*, 217 Cal. App. 4th 1096, 1107 (2013) (quoting *Las Palmas Assocs. v. Las Palmas Ctr. Assocs.*, 235 Cal. App. 3d 1220, 1249 (1991)).

The single business enterprise rule falls under the alter ego doctrine. "[U]nder the single-enterprise rule, liability can be found between sister companies." *Las Palmas Assocs.*, 235 Cal. App. 3d at 1249. For example, separate corporations can integrate resources to pursue a unified business purpose. *Toho–Towa Co., Ltd.*, 217 Cal. App. 4th at 1107–08. This rule applies equitable principles when corporations share resources and operations to achieve a shared goal. *Id.* In California, the same principles apply to a plaintiff attempting to hold a shareholder liable through piercing the corporate veil and a corporation liable as part of a single enterprise. *Id.*

A plaintiff must allege two factors to plead alter ego liability sufficiently.  First, the plaintiff must show that there is "such unity of interest and ownership that the separateness of the two corporations had in effect ceased."  *Pan Pac. Sash & Door Co. v. Greendale Park, Inc.*, 166 Cal. App. 2d 652, 659 (1958); *see also Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985).  Second, the plaintiff must allege "that, if the acts are treated as those of the corporation alone, an inequitable result will follow."  *Mesler*, 39 Cal.3d at 300 (quoting *Automotriz Del Golfo De Cal. S. A. De C. V. v. Resnick*, 47 Cal. 2d 792, 796).  "Thus the corporate form will be disregarded only in narrowly defined circumstances and only when the ends of justice so require."  *Mesler*, 39 Cal. 3d at 301 (1985); *see also McLoughlin v. L. Bloom Sons Co., Inc.*, 206 Cal. App. 2d 848, 853 (1962) (noting that disregarding the corporate form is a case specific inquiry).

Seroclinix Delaware argues that Plaintiff fails to allege specific facts supporting both elements of alter ego liability.  (Mot. 6.)  For the following reasons, the Court finds that Plaintiff fails to meet the unity of interest element, and thus, it cannot proceed on this basis.

### 2.     Unity of Interest

To determine unity of interest, courts examine numerous factors, such as "commingling of funds and assets of the two entities, identical equitable ownership in the two entities, use of the same offices and employees, disregard of corporate formalities, identical directors and officers, and use of one as a mere shell or conduit for the affairs of the other."  *Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1342 (2009) (citing *Sonora Diamond Corp. v. Superior Ct.*, 83 Cal. App. 4th 523, 538–539  (2000)); *see also Gerritsen v. Warner Bros. Ent.*, 116 F. Supp. 3d 1104, 1137 (listing additional factors).  Other factors may include inadequate capitalization and lack of segregation of corporate records.  *Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1285 (1994).  Notably, "[n]o one characteristic governs, but the courts must look at all the circumstances to determine whether the doctrine should be applied."  *Sonora Diamond Corp.*, 83 Cal. App. 4th at 539 (citing *Talbot v. Fresno-P. Corp.*, 181 Cal. App. 2d 425, 432 (1960)); *accord VirtualMagic Asia, Inc. v. Fil-Cartoons, Inc.*, 99 Cal. App. 4th 228, 245 (2002).

Plaintiff acknowledges that Seroclinix Canada and Seroclinix Delaware were formed as separate corporations. (SAC ¶ 8.) Despite this, Plaintiff alleges that both entities are alter egos of each other. (*Id.*) In support of this claim, Plaintiff contends that Lee controls both entities and that they possess "common owners, directors, and officers." (*Id.*) Thus, both entities are interdependent and "have no separate mind, will, or existence of their own." (*Id.*) Plaintiff asserts that both entities rely on the same email addresses, engage in the same business, and share legal representation in the current lawsuit. (*Id.*)

Construing the factual allegations most favorably to Plaintiff, the Court finds that Plaintiff has not adequately pled unity of interest. Plaintiff addresses some of the factors mentioned above, but many others are missing. *See, e.g.*, *Stewart v. Screen Gems-EMI Music, Inc.*, 81 F. Supp. 3d 938, 956 (N.D. Cal. 2015) (holding that despite three companies sharing equitable ownership, utilizing the same offices and employees, and employing identical officers and directors, no unity of interest existed). For example, Plaintiff does not sufficiently allege that Defendants commingled funds or other assets. (*See* SAC ¶ 8.) The SAC only includes a conclusory allegation that Howard Lee "exercises dominion of their finances, policies, and practices . . . ." (*Id.*) The mere fact of Lee's expansive role is insufficient to demonstrate unity of interest. Nor does the SAC adequately allege that both corporations have identical equitable ownership; the SAC only states that both corporations share common ownership. (*Id.*) *Cf. Conde v. Sensa*, 259 F. Supp. 3d 1064, 1072–73 (S.D. Cal. 2017) (finding unity of interest where a plaintiff alleged that three companies shared the same headquarters, operated in the same building, and engaged in informal intercompany agreements, which was supported by specific examples of intercompany debt relief, funding, financial statements, and ownership).

In addition, Plaintiff does not allege facts concerning inadequate capitalization or lack of segregation of corporate records between the entities. (*See* SAC ¶ 8.) *See, e.g.*, *Wehlage v. EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 782–83 (N.D. Cal., 2011) (finding no unity of interest where a plaintiff generally alleged that one entity controlled two others through joint decision-making, provision of services, and shared personnel).

22cv0785

The SAC also does not allege that one of the corporations has ever held itself out as liable for the other's debts.  (*See* SAC ¶ 8.)

Accordingly, upon examining all the circumstances, Plaintiff has not alleged sufficient facts to plausibly demonstrate the unity of interest requirement.  *See Tomaselli*, 25 Cal. App. 4th at 1285 (holding that there was no unity of interest because a plaintiff failed to show "critical facts [such] as inadequate capitalization, commingling of assets, [and] disregard of corporate formalities . . . .").  The Court, therefore, need not proceed to the second prong of the alter ego test.

In short, because Plaintiff has not established that Seroclinix Delaware is the alter ego of Seroclinix Canada, Plaintiff's breach of contract claim against Seroclinix Delaware fails.  *See id.*  Accordingly, the motion to dismiss as to Plaintiff's breach of contract claim against Seroclinix Delaware is **GRANTED** with leave to amend.

### B.    Common Count Claim

Seroclinix Delaware moves under Rule 12(b)(6) to dismiss Plaintiff's "common count" claim against it.  It argues that Plaintiff's claim is not actionable because Plaintiff seeks the same relief under the same set of facts in its breach of contract claim.  (Mot. 8–9.)  According to Seroclinix Delaware, because Plaintiff's breach of contract claim fails, its common count also fails.  (*Id.*)  Plaintiff opposes, contending that Seroclinix Delaware has Plaintiff's funds in its possession and did not use those funds for Plaintiff's benefit.  (SAC ¶¶ 22–24.)

To state a claim for common count for money had and received, a plaintiff must allege only that a defendant received money intended for the benefit of the plaintiff, that the money was not used for the plaintiff's benefit, and that the defendant has not given the money to the plaintiff.  *Avidor v. Sutter's Place, Inc.*, 212 Cal. App. 4th 1439, 1454 (2013); *McBride v. Boughton*, 123 Cal. App. 4th 379, 394 (2004) ("A common count is not a specific cause of action, however; rather, it is a simplified form of pleading normally used to aver the existence of various forms of monetary indebtedness, including that arising from an alleged duty to make restitution under an assumpsit theory.").  "When a common count

is used as an alternative way of seeking the same recovery demanded in a specific cause of action, and is based on the same facts, the common count is demurrable if the cause of action is demurrable." *Id.*

Plaintiff's common count claim must fail because Plaintiff's breach of contract claim fails. *See McBride*, 123 Cal. App. 4th at 394–95 (holding that common count "must stand or fall" with the cause of action seeking the same recovery). Plaintiff incorporates the same facts from its breach of contract claim into its common count claim by stating that Seroclinix Delaware received money belonging to Plaintiff and failed to remit Defendants' earnings to Plaintiff. (SAC ¶¶ 22–24.) Plaintiff seeks the same relief under its common count claim as its breach of contract claim. (*Id.*) Thus, the Court finds Plaintiff's common count against Seroclinix Delaware fails to withstand a Rule 12(b)(6) challenge "as an alternative way of seeking the same recovery demanded" in its cause of action. *See McBride*, 123 Cal. App. 4th at 394–95.

Therefore, Seroclinix Delaware's motion to dismiss the second cause of action will be **GRANTED**, with leave to amend, because Plaintiff's breach of contract claim, which relies on identical facts and seeks the same recovery, fails.

### C.    Fraud Claim

Both Defendants Seroclinix Canada and Seroclinix Delaware move to dismiss Plaintiff's false promise claim, which is stylized as a fraud in the inducement or promise without the intent to perform claim. (Mot. 9.) Plaintiff contends that Howard Lee, acting on behalf of Seroclinix Canada, agreed to modify the parties' Agreement without intending to fulfill it. (SAC ¶¶ 26–32.) Defendants argue that Plaintiff's SAC lacks the necessary specificity and the fraud claim is barred by the economic loss rule. (Mot. 9; Reply 3–4.)

#### 1.    Rule 9(b)

When a claim is based on fraud or mistake, the circumstances surrounding the fraud or mistake must be alleged with particularity. Fed. R. Civ. P. 9(b). If the allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the claim. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). To satisfy

22cv0785

the particularity requirement of Rule 9(b), "[a]verments of fraud must be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Id.* at 1106 (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).  Plaintiffs must also plead "what is false or misleading about [the] purportedly [fraudulent] statement, and why it is false." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (alterations in original) (citing *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010)).

Plaintiffs must plead enough facts to give defendants notice of the time, place, and nature of the alleged fraud, together with the content of any alleged misrepresentation and explain why it is false or misleading.  *See Vess*, 317 F.3d at 1107.  The circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* at 1106 (quoting *Bly-Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001)).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."  Fed. R. Civ. P. 9(b).

The Ninth Circuit has noted that Rule 9(b) has three primary purposes.  *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009).  First, Rule 9(b) seeks to ensure that defendants have sufficient notice of what they must defend against.  *See id.*  Second, Rule 9(b) aims to protect defendants from unnecessary reputational harm that may result from fraud allegations.  *Id.*  Third, it is designed to prevent the unilateral imposition of "enormous social and economic costs absent some factual basis." *Id.* (quoting *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996)).

## 2.    Promise Without the Intent to Perform

Defendants argue that the SAC lacks the requisite level of specificity under Rule 9(b). (Mot. 9.)  Plaintiff alleges that Howard Lee, acting on behalf of Seroclinix Canada, agreed to modify the parties' Agreement without intending to perform it.  (SAC ¶¶ 26–32.)  According to Plaintiff, the modified contract involved Honu ordering test kits from Seroclinix Canada instead of from Plaintiff, with Seroclinix Canada agreeing to report its

22cv0785

sales and send its received funds to Plaintiff.  (*Id.* ¶ 26.)  Citing its existing relationship with Lee and Seroclinix Canada, Plaintiff asserts it reasonably relied on Lee's representation that Seroclinix Canada would fulfill its contractual obligations.  (*Id.* ¶ 28.) Plaintiff avers that Seroclinix Canada's actions contradicted the promise, harming Plaintiff. (*Id.* ¶¶ 30–34.)  Plaintiff also contends that Seroclinix Canada acted with oppression, fraud, and malice.  (*Id.* ¶ 35.)

### i.   Seroclinix Canada

The Court finds that Plaintiff satisfies Rule 9(b)'s pleading requirements as to Seroclinix Canada.  In its allegations, Plaintiff meets the "who, what, when, where, and how" requirements of Rule 9(b).  (*See* SAC ¶¶ 26–35.)  *See Kearns*, 567 F.3d at 1124 (citation omitted).

Plaintiff identifies the "who"—"Howard Lee on behalf of [Seroclinix Canada]" or "Mr. Lee on behalf of [Seroclinix Canada]"—several times in its allegations.  (*See* SAC ¶¶ 26, 28–30, 33.)  Plaintiff also illustrates the "what" by presenting the relevant terms of the original and modified contracts.  (*Id.* ¶¶ 10–11.)  Plaintiff asserts that Mr. Lee "represented to [Plaintiff] that if [Plaintiff] would agree to modify the parties' written agreement . . . then [Seroclinix Canada] would timely report to [Plaintiff] the number of test collection kits and Sienna Antibody Test Kits" Honu ordered.  (*Id.* ¶ 26.)  Plaintiff alleges that "Mr. Lee further represented that [Seroclinix Canada] would pay [Plaintiff] the agreed upon sum of $0.90/kit within a reasonable time following the placement of an order by Honu." (*Id.* ¶ 27.)  According to Plaintiff, "Mr. Lee, acting on behalf of [Seroclinix Canada], did not intend to fulfill the aforementioned promises at the time they were made," because Seroclinix Canada "took deliberate actions that were directly contrary to performing its contractual obligations."  (*Id.* ¶¶ 29, 31.)

Further, Plaintiff meets the "when" requirement by noting that "Howard Lee, on behalf of [Seroclinix Canada]," agreed to modify the written contract "shortly after June 1, 2020."  (*Id.* ¶¶ 10, 12, 26.)  Finally, Plaintiff asserts that the agreement to "modify the parties' written agreement" was on the telephone.  (*Id.* ¶ 26.)  Lee, on behalf of Seroclinix

Canada, told Plaintiff that Seroclinix Canada would pay it the agreed-upon sum within a reasonable time. (*Id.*)  Despite this reassurance, Seroclinix Canada acted in direct conflict with the modified agreement.  (*Id.* ¶¶ 30–31.)  Plaintiff satisfies the "where" and "how" requirements.  Hence, Seroclinix Canada's challenge under Rule 9(b) is unpersuasive.

Beyond Rule 9(b), Defendants also advance the argument that Plaintiff cannot pursue a false promise claim because the claim is not based on "a legal duty separate from the duty to perform under the [parties'] contract."  (Mot. 10.)  The Court is unconvinced.

The economic loss rule limits a party to a contract "to recover[ing] in contract for purely economic loss due to disappointed expectations," rather than in tort, "unless [it] can demonstrate harm above and beyond a broken contractual promise." *Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).  Courts applying California law have thus "found tort claims barred in cases in which one party breached a purported contract that it allegedly never intended to perform." *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*, 117 F. Supp. 3d 1092, 1104 (C.D. Cal. 2015) (citing *JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1032 (N.D. Cal. 2012)).

That said, there are instances where tort liability is allowed in contract cases.  Notably, the California Supreme Court has held that "[t]ort damages have been permitted in . . . [cases] where the contract was fraudulently induced." *Robinson Helicopter*, 34 Cal. 4th at 990.  In such cases, "the duty that gives rise to tort liability is either completely independent of the contract or arises from conduct which is both intentional and intended to harm." *Id.*; *see also Harris v. Atl. Richfield Co.*, 14 Cal. App. 4th 70, 78 (1993) ("[W]hen one party commits a fraud during the contract formation or performance, the injured party may recover in contract and tort.").

Here, although Plaintiff proceeds on both contract and tort theories, Plaintiff's fraud claim alleges that Seroclinix Canada fraudulently induced Plaintiff to modify the Agreement.  Hence, at this juncture, the Court finds that the economic loss rule does not preclude Plaintiff's fraud claim against Seroclinix Canada.  *See, e.g.*, *Jacobs v. Sustainability Partners LLC*, No. 20-cv-01981-PJH, 2020 WL 5593200, at *15 (N.D. Cal.

2020); *see also Pegasus Trucking, LLC v. Asset Redeployment Grp., Inc.*, No. CV 19-10339 PSG (JEMx), 2021 WL 1234879, at *6 (C.D. Cal. 2021).

### ii.    Seroclinix Delaware

In contrast, the Court finds that Plaintiff fails to meet Rule 9(b)'s heightened pleading requirements as to Seroclinix Delaware.   Rule 9(b)'s heightened pleading requirement requires a plaintiff to specifically "identify the role of each defendant in the alleged fraudulent scheme." *United States v. Corinthian Colls.*, 655 F.3d 984, 998 (9th Cir. 2011) (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007)).   It follows that a plaintiff cannot merely lump defendants together; rather, the plaintiff must specifically allege the fraudulent conduct of each defendant. *See Swartz*, 476 F.3d at 764.

Here, Plaintiff fails to meet Rule 9(b)'s threshold requirements.   Plaintiff aggregates its allegations against Seroclinix Canada, a party to the original and modified contracts, and Seroclinix Delaware, a non-party to the contracts.   (SAC ¶¶ 25–35.)   For example, Plaintiff repeatedly states that "Howard Lee, on behalf of Defendants," took certain actions. (*Id.*)   Additionally, Plaintiff consistently refers to both Seroclinix Canada and Seroclinix Delaware as Defendants without disentangling Seroclinix Delaware's actions from Seroclinix Canada's actions. (*See id.*)   Plaintiff fails to allege how Seroclinix Delaware, a non-party to the original Agreement, fraudulently induced Plaintiff to enter into a modified contract with it. (*See id.*)   Therefore, Seroclinix Delaware's role in the alleged fraud is unclear, let alone stated with particularity under Rule 9(b), making dismissal appropriate.

* * *

In sum, Seroclinix Canada's motion to dismiss the fraud cause of action is **DENIED** because Plaintiff meets Rule 9(b)'s heightened pleading standard.   However, Seroclinix Delaware's motion to dismiss is **GRANTED**, with leave to amend, because Plaintiff fails to allege how Seroclinix Delaware, a non-party to the contract, fraudulently induced Plaintiff to enter into the modified contract.

//

//

22cv0785

**IV.     Conclusion**

Accordingly, the Court rules as follows on Defendants' Motion to Dismiss Plaintiff's SAC (ECF No. 26): **GRANTED** without prejudice as to Plaintiff's breach of contract claim against Seroclinix Delaware, **GRANTED** without prejudice as to its common count claim against Seroclinix Delaware, **DENIED** as to its fraud in the inducement or promise without intent to perform claim as to Seroclinix Canada, and **GRANTED** without prejudice as to its fraud in the inducement or promise without the intent to perform claim as to Seroclinix Delaware.

If Plaintiff wishes to file a Third Amended Complaint, Plaintiff must do so no later than **May 15, 2024**.  Plaintiff may not add any parties or new causes of action without further leave of Court.

**IT IS SO ORDERED.**


DATED: May 1, 2024

Hon. Cynthia Bashant
United States District Judge

- 15 -

22cv0785