1
2
3
4
5
6
7
8
9
10
11

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

12
13
14

| | |
|---|---|
| INTEGRITY MEDICAL PRODUCT SOLUTIONS, LLC,<br><br>                                        Plaintiff,<br><br>        v.<br><br>SEROCLINIX CORPORATION, *a Delaware Corporation*, *et. al*,<br><br>                                      Defendants. | Case No. 22-cv-00785-BAS-BLM<br><br>**ORDER GRANTING THIRD-PARTY DEFENDANT HONU MANAGEMENT GROUP, LLC'S MOTION TO DISMISS (ECF No. 88)** |
| SEROCLINIX CORPORATION, *a Delaware Corporation*, and SEROCLINIX CORPORATION, *a Canadian Corporation*,<br><br>                     Third-Party Plaintiffs,<br><br>        v.<br><br>HONU MANAGEMENT GROUP, LLC, *an Arizona Limited Liability Company,*<br><br>                        Third-Party Defendant. | |

15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 1 -

1  Presently before the Court is Third-Party Defendant Honu Management Group,

2  LLC's motion to dismiss the amended complaint filed by Third-Party Plaintiffs Seroclinix

3  Corporation, a Delaware corporation ("Seroclinix Delaware") and Seroclinix Corporation,

4  a Canadian corporation ("Seroclinix Canada") (ECF No. 85).  (ECF No. 88.)

5  **I.      BACKGROUND**

6  Plaintiff Integrity, Inc. had entered into an agreement with Third-Party Plaintiff

7  Seroclinix Delaware to sell laboratory testing kits.  (ECF No. 85 ¶ 10.)  The Integrity-

8  Seroclinix Agreement provided, in part, that Integrity's end-customers were to pay

9  Seroclinix Delaware directly, with Seroclinix Delaware paying a commission to Integrity

10  in the amount of the difference between the stated unit price in the Integrity-Seroclinix

11  Agreement and the amount charged by Integrity to its end-customer.  (*Id.*)  During the

12  Covid-19 pandemic, there was a heightened demand for test kits that led to Seroclinix

13  Delaware and Integrity orally modifying the terms of the Integrity-Seroclinix Agreement

14  to, in part, provide that Integrity would be paid a commission of $0.90 per test kit ordered

15  by its end-consumers, such as Third-Party Defendant Honu, upon full receipt for the test

16  kits by Seroclinix Delaware.  (*Id.* ¶ 11.)

17  Third-Party Defendant Honu Management, LLC ("Honu") entered into a contract

18  for laboratory testing kits with Akkad Holdings Global ("Akkad-Honu Agreement") on

19  August 6, 2020.  (*Id.* ¶ 12.)  According to the Akkad-Honu Agreement, Akkad Holdings

20  Global was acting on behalf of Seroclinix Canada when entering into the contract.  (*Id.*)

21  Seroclinix Delaware is a third-party beneficiary of the contract, as payments for inventory

22  ordered by Defendant Honu were ultimately received by Seroclinix Delaware.  (*Id.*)

23  In their amended complaint against Honu (ECF No. 85) ("TPC"), Seroclinix

24  Delaware and Seroclinix Canada alleged that Honu breached the Akkad-Honu Agreement

25  by refusing to order and accept delivery of 50,000 units per week and owed them a sum of

26  $938,000 plus interest for expired test kits of which Honu failed and refused to take

27  delivery, plus interest of one percent (1%) per month from the date of its breach.  (*Id.* ¶

28  19.)  Seroclinix Canada and Seroclinix Delaware asserted causes of action against Honu

22cv785

1   for: (1) breach of contract of the Akkad-Honu agreement; (2) contractual indemnity to

2   Seroclinix Canada and Seroclinix Delaware for claims against Third-Party Plaintiffs

3   asserted by Plaintiff Integrity Medical Product Solutions, LLC in this action; (3) implied

4   indemnity for the same; and (4) intentional misrepresentation of Honu's intention to meet

5   financial obligations to Seroclinix Delaware and Seroclinix Canada specified in the Akkad-

6   Honu Agreement.  (*See generally id*.)

7         In response to the TPC (ECF No. 85), Honu filed a motion to dismiss (ECF No. 88)

8   ("TPMTD").  In the TPMTD, Honu alleges, *inter alia*, that: (1) the Court lacks personal

9   jurisdiction over Honu; (2) the TPC fails to adequately plead fraud or mistake under Rule

10  9(b) and California state law; (3) the TPC fails to allege actual loss necessary for adequately

11  pleading an implied indemnity claim; (4) the TPC is barred by California's four-year statute

12  of limitations for breach of contract claims, and contrary to the TPC, New York's six-year

13  statute of limitations does not apply to the present dispute.  (*See generally* ECF No. 88.)

14  Third-Party Plaintiffs filed an opposition to Honu's motion to dismiss ("TPO"), contesting,

15  *inter alia*, that the Court has specific jurisdiction over Honu in California.  (ECF No. 91 at

16  8–12.)  Honu filed a reply.  (ECF No. 92.)

17  **II.    LEGAL STANDARD**

18        When raised as a defense by motion, Rule 12(b)(2) authorizes the dismissal of an

19  action for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  When a dispute

20  between the parties arises concerning whether personal jurisdiction over a defendant is

21  proper, "the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."

22  *Will Co. v. Lee*, 47 F.4th 917, 921 (9th Cir. 2022).  When the defendant's motion is based

23  on written materials, and no evidentiary hearing is held, the court will evaluate only

24  whether the plaintiff demonstrates a prima facie showing of personal jurisdiction based on

25  the plaintiff's pleadings and affidavits.  *Id*.  The court must take unchallenged allegations

26  in the complaint as true, and conflicts between the parties over statements within any

27  affidavits must be resolved in favor of the plaintiff.  *Id*.

28

## III. DISCUSSION

The general rule provides personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process. *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006). For due process to be satisfied, a defendant must have "minimum contacts" within the forum state such that asserting jurisdiction over the defendant would not "offend traditional notions of fair play and substantial justice." *Id*. at 1155 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 315 (1945)). Both California and federal long-arm statutes require compliance with due process requirements. *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014).

There are two types of personal jurisdiction: general and specific. *Id*. at 118. General jurisdiction allows a court to hear cases unrelated to the defendant's forum activities and exists if the defendant has "substantial" or "continuous and systematic" contacts with the forum state. *Fields v. Sedgewick Assoc. Risk, Ltd*., 769 F.2d 299, 301 (9th Cir. 1986). Specific jurisdiction permits the court to exercise jurisdiction over a defendant who has availed itself through forum-related activities that gave rise to the action before the court. *Bancroft & Masters, Inc. v. August Nat'l Inc*., 223 F.3d 1082, 1086 (9th Cir. 2000).

Here, Honu challenges Third-Party Plaintiffs' assertion of personal jurisdiction on grounds of lack of general jurisdiction and lack of specific jurisdiction. (ECF No. 88-1 at 14.)

### A. General Jurisdiction

First, Honu asserts it is not subject to general jurisdiction in California because its principal place of business is in Washington, and it is not otherwise "at home" in California. (*Id.* at 14:20–23 (citing *Impossible Foods, Inc. v. Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023).) In their papers opposing the TPMTD, Third-Party Plaintiffs do not challenge Honu's claim that it is not subject to general jurisdiction in California. (ECF No.

- 4 -

1   91 at 9.)  Accordingly, the Court affirms that Honu is not subject to general jurisdiction in

2   California.

3      **B.  Specific Jurisdiction**

4      Second, Honu asserts it is not subject to specific jurisdiction in California.  A

5   defendant who is not subject to general jurisdiction can only be subject to a state's

6   jurisdiction if the plaintiff's claims are related to defendant's activities in that state.  *Walden*

7   *v. Fiore*, 571 US 277, 283 n. 6 (2014).  The Ninth Circuit put forth a three-pronged test for

8   specific jurisdiction:

9      (1) The non-resident defendant must purposefully direct his activities or
10     consummate some transaction with the forum or resident thereof; or perform
       some act by which he purposefully avails himself of the privilege of
11     conducting activities in the forum, thereby invoking the benefits and
       protections of its laws;
12     (2) the claim must be one which arises out of or relates to the defendant's
13     forum-related activities; and
       (3) the exercise of jurisdiction must comport with fair play and substantial
14     justice, i.e. it must be reasonable.

15

16  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  The

17  plaintiff bears the burden of proving the first two prongs and, if successful, the burden

18  shifts to the defendant on the third prong to prove that jurisdiction is unreasonable.  *Id.*  If

19  any prong is not satisfied, then jurisdiction in the forum would deprive the defendant of

20  due process of law.  *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020).

21     Under the first prong of specific jurisdiction, purposeful availment and purposeful

22  direction are "two distinct concepts."  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d

23  797, 802 (9th Cir. 2004).  "A purposeful availment analysis is most often used in suits

24  sounding in contract," whereas "[a] purposeful direction analysis . . . is most often used in

25  suits sounding in tort."  *Id.*  Since Third-Party Plaintiffs' claims against Honu arises from

26  both an alleged breach of contract between the parties (*i.e.*, contractual liability, implied

27  indemnity, implied indemnity) and Honu's allegedly tortious misrepresentations (*i.e.*,

28

intentional misrepresentation) to Third-Party Plaintiffs (ECF No. 85), the Court conducts both a purposeful availment and a purposeful direction analysis.

### 1.    Purposeful Availment

"To have purposefully availed itself of the privilege of doing business in the forum, a defendant must have 'performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state.'" *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008) (quoting *Sher v. Johnson*, 911 F.2d 1357 (9th Cir. 1990)). The defendant must "take[ ] deliberate actions within the forum state or create[ ] continuing obligations to forum residents." *Hirsch v. Blue Cross, Blue Shield*, 800 F.2d 1474, 1478 (9th Cir. 1986). Ultimately, the court's evaluation of what constitutes intent to take deliberate actions "is not rigid and formalistic, but rather practical and pragmatic." *Boschetto*, 539 F.3d at 1016.

Here, Third-Party Plaintiffs assert that Honu purposely availed itself of the privilege of doing business in California because Honu contacted the president of Plaintiff Integrity, Inc., who is authorized to do business in San Diego, California. (ECF No. 91 at 10.) This outreach allegedly resulted in an agreement between Plaintiff and Seroclinix Canada to procure viral testing kits and resell those kits to Honu. (*Id*. at 10–11).

The Akkad-Honu Agreement itself, however, only explicitly mention Michigan, Washington, New York and locations in Canada—not California. (ECF No. 85-2 at 2.) The provided sample weekly purchase order likewise does not indicate that Parties indicated for the transactions at issue to take place in California. (ECF No. 85-3 at 2.) Even if Honu did directly enter into a contract with Plaintiff Integrity, Inc., a "contract with an out-of-state party alone can[not] automatically establish sufficient minimum contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). The jurisdiction analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore,* 571 U.S. 277, 285 (2014). Beyond its first initial contact with Plaintiff Integrity, Inc., there are no allegations that Honu deals directly with any Californian resident. Though Honu may be aware that the testing kits

22cv785

originated from California, Honu's ongoing orders of testing kits as specified in the Akkad-Honu Agreement were to be carried out outside of California as discussed above. (*See* ECF Nos. 85-2 at 2, 85-3 at 2, and 65 ¶ 10.)

Lastly, though Third-Party Plaintiffs did enter a contract with Plaintiff Integrity, Inc. to procure testing kits from California to then resell to Honu on an ongoing basis, "the plaintiff [(here, Third-Party Plaintiffs)] cannot be the only link between the defendant and the forum." *Walden,* 571 U.S. at 285 (citing *Calder v. Jones*, 465 U.S. at 788–789).

Because the Court finds that the Third-Party Plaintiffs have failed to prove that Honu had purposefully availed itself of California jurisdiction, the Court finds that it does not have personal jurisdiction over Honu regarding Third-Party Plaintiffs' contract claims. Finding that Third-Party Plaintiffs failed to prove the first prong, the Court does not further analyze prongs two and three of the test discussed in *Schwarzenegger*, 374 F.3d at 802.

### 2.    Purposeful Direction

Moreover, for claims sounding in tort, such as Third-Party Plaintiffs' causes of action for intentional misrepresentation and negligent misrepresentation, courts look to whether a defendant purposefully directed its activities at the forum state. *Id*. To assess this question, courts apply the "effects" test from *Calder v. Jones*, 465 U.S. 783 (1984). defendant must have "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Shawarma Stackz LLC v. Jwad*, No. 21-CV-01263-BAS-BGS, 2021 WL 5827066, at *7 (S.D. Cal. Dec. 8, 2021) (quoting *Schwarzenegger*, 374 F.3d at 803). All three components must be met for a defendant to have purposefully directed activities to the forum state. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 577 (9th Cir. 2018).

The Court finds that Third-Party Plaintiffs have sufficiently alleged that Honu had engaged in an "intentional act"—which is acting with "an intent to perform an actual, physical act in the real world"—by speaking with Plaintiff Integrity, Inc (based in California) and entering into the Akkad-Honu Agreement to supposedly procure resold test kits from Third-Party Plaintiffs. *Schwarzenegger,* 374 F.3d at 806.

22cv785

1    However, the Court does not find that Honu's "allegedly tortious action was

2  'expressly aimed at the forum.'" *Picot v. Weston*, 780 F.3d 1206, 1214 (9th Cir. 2015).

3  Honu's allegedly tortious conduct did not take place in California.  Indeed, Honu's alleged

4  misrepresentations to Third-Party Plaintiffs of Honu's "desire and financial ability to take

5  delivery of and pay for the inventory obtained from and through Third-Party Plaintiffs"

6  when executing the contract did not take place in California.  (ECF No. 85 ¶¶ 26, 30.)

7  Again, conspicuously missing from the text of the Akkad-Honu Agreement is any

8  indication that the execution of the contract took place in California or that the Parties

9  intended the shipments to go through California.

10    Further, as in purposeful availment, a "defendant's connection to the forum state

11  through the plaintiff alone is insufficient to confer specific jurisdiction [for purposes of

12  purposeful direction]." *See Discovery Land Co. LLC v. Discovery Glob. LLC*, No. CV-20-

13  01940-PHX-MTL, 2021 WL 148641, at *4 (D. Ariz. Jan. 15, 2021) (holding that the

14  plaintiff has not demonstrated express aiming because the plaintiff failed to demonstrate

15  how the defendant's conduct, rather than the defendant's contacts with the persons who

16  reside there, provides the basis for jurisdiction) (citing *Walden v. Fiore*, 571 U.S. 277, 285

17  (2014)).  It follows that Third-Party Plaintiffs' contract with Plaintiff Integrity, Inc. also

18  cannot provide the basis for specific jurisdiction over Honu.  Third-Party Plaintiffs

19  therefore fail the *Calder* effects test. *See Schwarzenegger*, 374 F.3d at 803.  Accordingly,

20  the Court also finds that Plaintiff fails to show establish Honu's allegedly tortious conduct

21  was purposefully directed at California.

* * *

23    Because the Court finds that Third-Party Plaintiffs have failed to establish specific

24  jurisdiction on grounds of either purposeful availment or purposeful direction, Third-Party

25  Plaintiffs fail to establish personal jurisdiction.  The Court need not address remaining

26  bases to dismiss in the TPMTD because they are moot.   Thus, Honu's Motion to Dismiss

27  (ECF No. 88) is **GRANTED**.

**C.     Leave to Amend**

The Court dismisses Third-Party Plaintiffs' claims against Honu without prejudice, and **GRANTS** Third-Party Plaintiffs leave to amend to correct jurisdictional deficiencies pursuant to Federal Rule of Civil Procedure 15(a)(2).

**IV.     CONCLUSION**

For the foregoing reasons, Third-Party Defendant Honu's Motion to Dismiss is **GRANTED**.  (ECF No. 88.)  The Court also **GRANTS** Third-Party Plaintiffs leave to amend their first amended third-party complaint (ECF No. 85).  If Third-Party Plaintiffs choose to amend, any second amended third-party complaint should be filed no later than **November 5, 2025**.

**IT IS SO ORDERED.**

**DATED: October 22, 2025**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**